UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARBARA DOYLE BURRVEZO,

    Plaintiff,

v.                              CASE NO. 8:16-cv-3393-T-23MAP

NANCY BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of the Commissioner's decision denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI). She makes several arguments on appeal: (1) the ALJ erred in not finding Plaintiff's irritable bowel syndrome and mental limitations to be severe; (2) the ALJ improperly rejected the opinions of two consultative examiners, as well as failed to acknowledge the opinion of a state agency decisionmaker; and (3) the ALJ erred by considering his own observations of Plaintiff during the hearing. After considering the record, I agree with Plaintiff on her first argument. Accordingly, I recommend that the Court remand the Commissioner's decision for further proceedings.[1]

    *A. Background*

Plaintiff, who was 51 years old at the time of the administrative hearing, received her

---

[1] This matter was referred to me under Local Rule 6.01(c)(21).

associate's degree and has past relevant work as a billing manager and health care administrator. She alleges she has been unable to work since January 1, 2009, due to bulging disc, degenerative disc disease, chronic pain syndrome, migraines, chronic fatigue, depression, anxiety, agoraphobia, hemorrhoids, IBS, hyperthyroidism, and TMJ. The ALJ found that none of these impairments limited her ability to perform basic work-related activities for 12 consecutive months. Plaintiff administratively appealed, and the Appeals Council denied review. With ALJ's decision being the Commissioner's final one, Plaintiff filed this action seeking judicial review.

   *B. Standard of Review*

To be entitled to DIB and/or SSI, a claimant must be unable to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *See* 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential

2

review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (*i.e.*, one that significantly limits her ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) considering the Commissioner's determination of claimant's RFC, whether the claimant can perform her past relevant work; and (5) if the claimant cannot perform the tasks required of her prior work, the ALJ must decide if the claimant can do other work in the national economy in view of her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); 20 C.F.R. § 404.1520(f), (g); 20 C.F.R. § 416.920(f), (g).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence consisting of relevant evidence as a reasonable person would accept as adequate to support a conclusion exists." *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citation and quotations omitted). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's "failure to apply the correct law or to provide the reviewing court with

sufficient reasoning for determining the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066 (citations omitted).

    *C.  Discussion*

A severe impairment is one that causes more than "a minimal limitation on a claimant's ability to function." *Davis v. Shalala*, 985 F. 2d 528, 532 (11th Cir. 1993). In other words, a severe impairment "significantly limits [one's] physical or mental ability to do basic work activities," which include:

> (1) Physical functions such as walking, standing, sitting, lifting, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers, and ususal work situations; and (6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521(b), 404.1527(c), 416.920(c). The Eleventh Circuit has held that an impairment is not considered severe only if it is so slight and its effect so minimal that it would clearly not be expected to interfere with an individual's ability to work. *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) ("It allows only claims based on the most trivial impairments to be rejected. The claimant's burden at step two is mild."); *see also Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984).

Here, I cannot conclude that Plaintiff did not meet her mild burden of proving that her impairments were more than trivial. Although there are admittedly few medical records available on the administrative record, those records show that Plaintiff's IBS and mental impairments were severe. Plaintiff's irritable bowel syndrome, while sometimes improved

4

while she was on medication (*e.g.* R. 374, 385-86) nonetheless caused her to lose 100 pounds in less than a year (R. 365, 374), led to severe dehydration (R. 374), and led to hemorrhoids that made it difficult for her to sit down (R. 510).  As to her mental health problems, each physician that she encountered noted her anxious (and sometimes depressed) state (R. 467, 485-86, 507, 510).  Despite medication she suffered from minor panic attacks (R. 507, 510) and also overdosed on her medication at least twice (R. 443, 472).

For these reasons, I find there is not substantial evidence in the record to show that the impairments *"*clearly [can]not be expected to interfere with [Plaintiff's] ability to work." *McDaniel*, 800 F.2d at 1031.  Accordingly, I remand the case with instructions for the ALJ to proceed beyond Step Two.  Because I find remand is appropriate, it is unnecessary to address Plaintiff's remaining contentions.

  *D. Conclusion*

  I recommend

  1. The decision of the Commissioner be REVERSED and the case be REMANDED for further administrative proceedings; and

  2. Judgment be entered in favor of Plaintiff.

  IT IS SO REPORTED at Tampa, Florida on October 26, 2017.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.